UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KALYNN SNAIR,
*Individually and as Administrator of the
Estate of Michael J. Fletcher,*

        Plaintiff,                    Civil Action 2:22-cv-4154
                                       Judge Sarah D. Morrison
    v.                                  Magistrate Judge Chelsey M. Vascura

JEFFERSON COUNTY, OHIO, *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

After Plaintiff failed, for the third time, to comply with the Court's deadlines to effect service of process over Defendant Shawn McGee and defendants identified as "Unknown Medical Staff 1–5," the Court ordered Plaintiff, for the third time, to show cause within fourteen days why the Court should not dismiss her claims against Mr. McGee and the Unknown Defendants without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. (ECF No. 30.)

Plaintiff responded on October 25, 2023, stating that after the Court's October 24, 2023 Third Show Cause Order, "Plaintiff is now aware of the Court's reason for requiring further show cause pursuant to S.D. Ohio Civ. R. 4.2 and contemporaneous with this Reply to Show Cause Order is re-issuing service on Defendant Shawn McGee pursuant to S.D. Ohio Civ. R. 4.2." (Resp. 1–2, ECF No. 31.) Plaintiff requests a further 60-day extension of time to serve Mr. McGee. However, the Court had already informed Plaintiff of the deficiencies in her previous

service attempt on Mr. McGee in its Second Show Cause Order of August 17, 2023 (ECF No. 27), and it appears Plaintiff took no further action to serve Mr. McGee in the interim. Nor, despite her representations in her Response, has she requested certified mail service through the Clerk of Court pursuant to S.D. Ohio Civ. Rule 4.2.

As to the Unknown Defendants, Plaintiff asserts in her Response that she continues her efforts to identify these Defendants via discovery served on the named Defendants on June 16, 2023. (Resp. 2, ECF No. 31.) Defendants' responses were due in July and August—prior to and contemporaneous with the issuance of the Second Show Cause Order—and Plaintiff states that she continues to await formal responses from Defendants. (*Id.*) Plaintiff similarly seeks an additional 60-day extension to effect service over the Unknown Defendants.

In short, it appears Plaintiff has made little to no progress in serving Mr. McGee or the Unknown Defendants since the Second Show Cause Order. Given that this case remains in its procedural infancy despite having been commenced nearly a year ago, that the Court has extended Plaintiff's deadlines to effect service multiple times, and given Plaintiff's repeated failure to comply with those extended deadlines, the undersigned concludes that Plaintiff has not shown good cause for a further extension of time to effect service of process over Mr. McGee or the Unknown Defendants. It is therefore **RECOMMENDED** that Plaintiff's claims against Mr. McGee and the Unknown Defendants be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          */s/ Chelsey M. Vascura*
                                          CHELSEY M. VASCURA
                                          UNITED STATES MAGISTRATE JUDGE